IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM CONE, | ) |
| Petitioner, | ) |
| v. | ) Case no. 11-00724-CV-W-GAF-P |
| LARRY DENNEY, | ) |
| Respondent. | ) |

**Response to Order to Show Cause**

William Cone is serving nineteen consecutive seven-year sentences for first-degree sexual assault and first-degree deviate sexual assault. His primary argument in this habeas action is that the Missouri Court of Appeals redefined the term "incapacitated" and then applied that new definition to him. That argument fails because the Missouri Court of Appeals merely applied the statutory definition of "incapacitated" to the facts in Cone's case and did not overrule or otherwise alter previous caselaw. This Court therefore should deny the petition.

1

## I. Cone sexually assaulted two women under the guise of "reparenting therapy"

William Cone is a psychiatrist. *State v. Cone*, 3 S.W.3d 833, 834 (Mo. Ct. App. 1999). Both victims, Rebecca and Jean, were his patients.[1] *Id*.

Cone diagnosed Rebecca with bipolar disorder, borderline personality disorder, and substance abuse. *Id*. Cone involuntarily committed Rebecca to a hospital in 1993 because he "considered [her] judgment so impaired that she could not make the decision to leave against medical advice." *Id*. After this hospitalization, Cone began "reparenting therapy" so that Rebecca could have the "nurturing that she never received from her mother." *Id*. Cone told Rebecca that she needed to have sex with him in order to help her treatment. *Id*. at 835. The sexual relationship went on for three months. *Id*. During the "treatment," Cone prescribed Prozac, Trazedone, and Klonopin for Rebecca and provided her with samples of Xanax when she did "a good job." *Id*. Cone also gave Rebecca "numerous" free samples of Trazedone. *Id*. at 839. Cone threatened to involuntarily commit Rebecca to a mental hospital if she told anyone about the sexual aspects of the "treatment." *Id*. at 835, 837. Rebecca's demeanor and appearance changed "dramatically" for the worse as her "treatments" progressed. *Id*. at 839.

---

[1] As the state courts did, respondent will refer to the victims by their first names only.

Two doctors examined Rebecca. Both doctors concluded, within a reasonable degree of medical certainty, that Rebecca could not appreciate "the nature of her sexual conduct with [Cone] because of her mental illness and her belief that the conduct was part of her treatment." *Id.* at 836. The doctors also found that Rebecca "was unable to express her unwillingness" to perform sexual acts because of her illness, her dependence on Cone, and the prescription medications Cone gave her. *Id.*

Cone treated Jean for six years. *Id.* at 837. He prescribed her Prozac, Trazedone, and Xanax. *Id.* Cone provided Jean with free samples of Xanax and Trazedone. *Id.* at 837, 839. Jean's condition deteriorated after Cone's "treatment;" witnesses testified that she was "sicker in 1993 and 1994 then when she began her treatments with [Cone] in 1988." *Id.* at 838.

Cone introduced the topic of "reparenting therapy" or "regression therapy" to Jean. *Id.* at 837. Cone convinced Jean that she had been abused by her father. *Id.* As therapy, he held Jean in his lap and fed her with a bottle. *Id.* Eventually, Cone's penis took the place of the baby bottle. *Id.* Cone had sexual intercourse with Jean on at least four occasions. *Id.* In another incident, Cone and his 17-year-old stepson participated in various sexual acts with Jean. *Id.*

Two doctors examined Jean. Both doctors concluded, within a reasonable degree of medical certainty, that Jean could not appreciate "the

nature of her sexual conduct with [Cone] because of her mental illness and her belief that the conduct was part of her treatment." *Id.* at 838, 839. The doctors also found that Rebecca "was unable to express her unwillingness" to perform sexual acts because of her illness, her dependence on Cone, and the prescription medications Cone gave her. *Id.*

## II. The state courts properly denied Cone's claims

### A. Timeliness

Cone's petition appears untimely at first blush. It is not. Cone requested discretionary review of his direct appeal in the Missouri Supreme Court. 3 S.W.3d at 833. The Missouri Supreme Court denied his motion on November 23, 1999. *Id.* Cone's direct appeal became final ninety days later when his time for filing a certiorari petition expired: February 21, 2000. 28 U.S.C. §2244(d)(1)(A).

Cone filed his post-conviction relief (PCR) action on February 22, 2000. Resp. Ex. G 6. The Missouri Court of Appeals issued its mandate in the PCR appeal on September 2, 2010. Resp. Ex. L. The one-year limitations period was tolled between these two dates. §2244(d)(2); *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006).

The limitations period began therefore began to run on September 2, 2010. Payne filed his petition on July 18, 2011, well within the one-year period. The petition is timely.

4

## B. The AEDPA standard

Federal courts may not grant a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court acted contrary to Supreme Court precedent, unreasonably applied Supreme Court precedent, or unreasonably determined the facts of the case. 28 U.S.C. §2254(d). A state court's factual finding is presumed correct unless the petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## C. The state courts did not change the law applicable to Cone and apply that changed law retroactively to his case

Cone contends that the Missouri courts violated *Rogers v. Tennessee*, 532 U.S. 451 (2001) by changing the definition of "incapacitated" and then applying that new definition to him. Doc. 1 at 11. He also contends that trial counsel was ineffective for failing to raise that claim. *Id*. at 11-12.

In state court, Cone argued only that trial counsel was ineffective for failing to raise a *Rogers* claim. *Cone v. State*, 316 S.W.3d 412, 415-416 (Mo. Ct. App. 2010). That claim accurately reflects that Cone did not raise a separate *Rogers* challenge at trial. Cone therefore defaulted on his *Rogers* claim. Respondent will not further address default, however, because analysis of the ineffective assistance claim requires consideration of the *Rogers* claim.

5

The constitutional standard for ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court properly set out that standard. 316 S.W.3d at 414-415. The state court then held that any objection would have been meritless and counsel is not ineffective for failing to make a meritless objection. *Id*. at 416.

Federal law is explicit that counsel is not ineffective for failing to make a meritless motion. *Thai v. Mapes*, 412 F.3d 970, 979 (8th Cir. 2005). Therefore, the key question here is whether the Missouri courts reasonably determined that Cone lacked a valid *Rogers* claim.

The Due Process Clause prohibits "retroactive judicial expansion" of state criminal statutes "that are unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Niederstadt v. Nixon*, 505 F.3d 832, 836 (8th Cir. 2007) (*en banc*), *quoting Rogers v. Tennessee,* 532 U.S. 451, 461 (2001) (further citations omitted). The Missouri Court of Appeals held that there was not a due process violation in Cone's case because the trial court used the correct statutory language about "incapacitated," because there was evidence supporting the jury's finding that the victims were incapacitated, and because the trial court did not "overrule existing law or otherwise expand the statutory language." 316 S.W.3d at 416.

The state court's determination was reasonable. Under Missouri law, both first-degree sexual assault and first-degree deviate sexual assault

require a showing that the victim was incapacitated. Mo.Rev.Stat. §§566.040.1 and 566.070.1 (1986). "Incapacitated" under Missouri law is "[a] physical or mental condition, temporary or permanent, in which a person is unconscious, unable to appraise the nature of his conduct, or unable to communicate unwillingness to an act." Mo.Rev.Stat. §566.061(13) (1994). Two doctors testified at Cone's trial that each victim could not appreciate the nature of her sexual acts and could not communicate her unwillingness to participate in those acts because of her mental illnesses, her dependence on Cone and the fact that Cone had addicted her to prescription medications and controlled her supply of those medications. 3 S.W.3d at 836-837, 838-839.

The Missouri courts applied the statutory definition of "incapacitated" to Cone. The state courts did not alter or expand the definition. Rather, the state courts merely applied the definition of "incapacitated" to Cone's sordid behavior. There was no violation of *Rogers* and therefore no violation of *Strickland* either.

### D. Counsel tried to find a expert witness and could not do so

Cone alleges that his trial attorney was ineffective for failing to call an expert witness to counter the State's three experts. Doc. 1 at 22-23.

The constitutional standard for ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court properly

7

set out that standard. 316 S.W.3d at 414-415. The state court held that counsel made a reasonable attempt to find an expert. *Id.* at 416-47.

The state court reasonable applied *Strickland* to this case. Trial counsel told the trial court that he had talked to and written to ten to twelve psychiatrists across the state. Resp. Ex. A-1 68. Counsel went to Topeka, Kansas, to try to locate an expert. *Id.* Counsel told the trial court that the Missouri psychiatric community saw Cone as a pariah and wanted "nothing to do with him in light of all the publicity and heat this has brought on the practice of psychiatry." *Id.* at 69. Cone suggested the names of several experts and counsel attempted to use those experts without success. *Id.* at 72.

Thus, counsel and Cone could not find an expert witness after investigation. The state courts reasonably concluded that counsel's investigation was reasonable. Counsel looked all over Missouri and Kansas and could not find an expert, principally because other psychiatrists were angry with Cone because of the publicity surrounding his criminal case. This claim fails.

### E. Counsel had no reason to request a *Franks* hearing

Cone alleges that his attorney was ineffective for failing to request a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978). Doc. 1 at 12-13. Cone alleges that the medical expert's statements in the probable cause statement were contrary to the definition of "incapacitated" under Missouri law. *Id.*

The constitutional standard for ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court properly set out that standard. 316 S.W.3d at 414-415. The state court's decision was a reasonable interpretation of *Strickland*.

The Supreme Court in *Franks* examined whether a defendant has the right to challenge the truthfulness of factual statements made in an affidavit supporting a search warrant. 438 U.S. at 156. The Court concluded that defendants are entitled to a hearing upon a "substantial preliminary showing" that the affiant included a false statement in the affidavit either "knowingly and intentionally" or with "reckless disregard for the truth." *Id*. If the defendant can demonstrate perjury or recklessness and the remainder of the affidavit does not establish probable cause, any evidence found because of the search warrant must be excluded. *Id*.

Cone here does not challenge a search warrant. Rather, he contests an "affidavit of probable cause." That affidavit was filed on July 31, 1996. Resp. Ex. G 51-52. The complaint and probable cause affidavit supporting the complaint were filed on that same dat. Resp. Ex. B 1. Therefore, Cone is challenging the probable cause affidavit supporting the criminal complaint. Cone thus challenges the sufficiency of the probable cause affidavit and the complaint to charge him with a crime.

Under Missouri law, a court must hold a preliminary hearing after a complaint is filed in order to determine whether there is probable cause to proceed. Mo.Rev.Stat. §544.250 (2000); Mo.S.Ct.R. 22.09(b); *State ex rel. Turner v. Kinder*, 740 S.W.2d 654, 659 (Mo. 1987). The preliminary hearing allows a defendant to challenge the prosecutor's probable cause affidavit. Cone had a preliminary hearing. Resp. Ex. B at 27. Cone therefore received a hearing in which he could contest the statements in the prosecutor's affidavit. He therefore received precisely the type of hearing he requested under *Franks*. Counsel was not ineffective for failing to request a hearing that would have duplicated the preliminary hearing.

Further, Cone argues again that the experts misapplied Missouri law. As discussed in section II.B., the experts properly applied Missouri law to Cone's case. Therefore, there were no false statements in the affidavit. Cone could not have received relief in a *Franks* hearing. He therefore cannot show prejudice.

### F. Cone's sentences were proper under Missouri law

Cone argues that the trial court erred by ordering his sentences to run consecutively instead of concurrently. Doc. 1 at 14. Cone contends that the trial court usurped the jury's province. He implies that the jury wanted the sentences to run concurrently.

10

Cone has no federal constitutional right to jury determination of whether sentences run concurrent or consecutive.[2] Under federal law, judges make that decision. 18 U.S.C. §3584. So do judges under Missouri law. Mo.Rev.Stat. §558.026.1 (2000). The judge in Cone's case had the power to order that Cone serve all his sentences consecutively. Cone does not have a valid constitutional claim.

---

[2] Cone did not raise this claim in any state court. He therefore has not exhausted the claim and has procedurally defaulted on the claim. Respondent will not address these issues because the claim fails on the merits.

11

## Conclusion

This Court should deny the petition.

Respectfully submitted,

CHRIS KOSTER
Attorney General

ANDREW W. HASSELL
Assistant Attorney General
Missouri Bar No. 53346

P. O. Box 899
Jefferson City, MO  65102
(573) 751-3321
(573) 751-3825 Fax
andrew.hassell@ago.mo.gov

*Attorneys for Respondent*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, on October 27, 2011, to the following:

Mr. William Cone, Reg. No. 533878
Crossroads Correctional Center
1115 E. Pence Road
Cameron, Missouri 64429

ANDREW W. HASSELL
Assistant Attorney General